UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INGRID LAWRENCE SMYRNA in her capacity as the personal representative of the Estate of ANDREW JUNIOR SMYRNA, deceased; BRIA MADDOX on behalf of JAI MADDOX, the minor child of ANDREW SMYRNA; and ASHLEY WEEMS on behalf of BROOKLYN SMYRNA, the minor child of ANDREW SMYRNA,<br><br>    Plaintiffs,<br><br>vs.<br><br>GEORGIA STATE TROOPER BRANDON BYRD; TIM BURELL; JOSEPH RIVERA; HERTZ VEHICLES, LLC; and NATIONAL INSURANCE CRIME BUREAU, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:21-cv-04481-AT |

## STATUS REPORT REGARDING MINOR SETTLEMENT AND DISBURSEMENT OF SETTLEMENT FUNDS

COME NOW Plaintiffs in the above-captioned civil action, by and through undersigned counsel of record, and hereby file this Status Report regarding Minor Settlement and Disbursement of Settlement Funds, showing this Honorable Court as follows:

1.

Plaintiff Bria Maddox is the natural mother and duly-appointed legal conservator of Jai Maddox, a surviving minor child of Decedent Andrew Smyrna ("Decedent") and legal heir to his Estate.

2.

Plaintiff Ashley Weems is the natural mother and duly-appointed legal conservator of Brooklyn Smyrna, a surviving minor child of Decedent and legal heir to his Estate.

3.

Plaintiff Ingrid Smyrna is Decedent's surviving mother and with the consent of the other Plaintiffs on behalf of Decedent's surviving minor children and sole heirs of his Estate, was appointed Administrator of the Estate of Andrew Smyrna by the Clayton County Probate Court on or about March 15, 2022. At no point has undersigned counsel undertaken representation of Ms. Smyrna in her individual capacity in connection with the instant civil action and have not asserted any claims or pursued recovery of any civil damages to benefit Ms. Smyrna in her individual capacity as Decedent's surviving mother or otherwise. Undersigned counsel's representation of Ms. Smyrna in connection with the instant civil action has exclusively been limited to her representative capacity as Estate Administrator acting on behalf of the Estate and its heirs.

4.

Plaintiffs filed the above-captioned civil action with Plaintiffs Maddox and Weems asserting wrongful death claims on behalf of Decedent's two surviving minor children, and with Plaintiff Smyrna asserting claims for pre-death pain and suffering solely in a representative capacity as Estate Administrator on behalf of the Estate and its heirs. Decedent's two surviving minor children are the two sole heirs of his Estate.

5.

After participating in mediation, Plaintiffs agreed to settle their claims against the Hertz Defendants for five hundred and fifty thousand dollars ($550,000/00) on December 9, 2024; against the NICB Defendants for five hundred and fifty thousand dollars ($550,000/00) on December 9, 2024; and against Defendant Brandon Byrd for five million and five hundred thousand dollars ($5,500,000.00) on January 31, 2025,[1] for a proposed total gross settlement of six million and six hundred thousand dollars ($6,600,000.00) (the "gross settlement proceeds") in exchange for Plaintiffs' dismissal of all claims against all remaining Defendants in this case.

---

[1] As an express condition of payment of settlement proceeds, Defendant Byrd required that legal conservators be appointed for the two minor children and that Plaintiffs obtain court approval pursuant to O.C.G.A. § 29-3-3. On May 12, 2025, the Fulton County Probate Count appointed Plaintiff Bria Maddox as the legal conservator of minor Plaintiff Jai Maddox, and appointed Plaintiff Ashley Weems as the legal conservator of minor Plaintiff Brooklyn Smyrna.

6.

Pursuant to written fee agreements executed by Plaintiffs Weems and Maddox to assert civil claims and recover damages on behalf of Decedent's surviving minor children and sole heirs to his Estate arising out of their father's death, after deducting a 42% contingency fee for the reasonable value of services rendered as well as case costs and expenses incurred in this case, the proposed total <u>net settlement proceeds</u> for distribution to Plaintiffs is <u>$3,702,946.99</u>.

7.

At the outset of this civil action, Plaintiffs Maddox and Weems, on behalf of the two sole heirs to the Estate, consented and agreed to Ms. Smyrna's appointment as Estate Administrator to allow her to participate in the instant civil action on behalf of the Estate, at which point Plaintiffs contemplated and agreed that all net proceeds recovered in the civil action would be distributed to the Estate such that Ms. Smyrna would be entitled to receive payment of statutory compensation for her services as Estate Administrator in accordance with O.C.G.A. § 53-6-60(b)(1), equal to 2.5% of the total net proceeds distributed to the Estate, and an additional 2.5% of all net proceeds distributed from the Estate to the heirs, with total statutory compensation equal to approximately 5% of the net proceeds.

8.

On February 14, 2025, two weeks after Plaintiffs agreed to settle the final remaining claims against Defendant Byrd for $5.5 million dollars, Ms. Smyrna filed a *pro se* "Petition to Increase Compensation as Estate Administrator" in the Clayton County Probate Court seeking to increase her statutory compensation as Estate Administrator from the approximately five percent (5%) to which she and the other Plaintiffs initially agreed, to <u>twenty-five percent (25%) of the net settlement proceeds</u>. Ms. Smyrna thereafter retained her own personal attorney, Jenifer Hendershot, Esq., and the minor heirs likewise retained their own attorney to represent their interests in connection with the probate court proceedings. The probate court originally scheduled a hearing for May 27, 2025, but granted Ms. Smyrna's request for a continuance and has not yet rescheduled a new hearing date.

9.

Regardless of any potential or actual conflict of interest that may exist and/or arise between Ms. Smyrna and the Estate's minor heirs in the probate court regarding the amount of the Estate Administrator's compensation or otherwise, their interests remain aligned for purposes of distribution of the net settlement proceeds in the instant civil action. Plaintiffs remain in agreement that all net settlement proceeds from the civil action will be distributed to the Estate, and after resolution of the pending dispute and payment of compensation to the Estate Administrator in an

amount to be determined by the probate court, that all remaining net settlement proceeds from the civil action will be equally distributed by the Estate to the two minor Plaintiffs and the sole heirs of the Estate, by and through their legal conservators.

10.

In light of Ms. Smyrna's decision to seek additional compensation, as well as her refusal to thereafter cooperate with the other Plaintiffs in her representative capacity as Estate Administrator to finalize settlement in the instant civil action, among other issues, Plaintiffs Weems and Maddox are presently contemplating removing Ms. Smyrna as Administrator for breach of her fiduciary duties, but in the meantime will be filing a petition in the Clayton County Probate Court on behalf of the Estate heirs requesting an order that all net settlement proceeds distributed to the Estate in the civil case be deposited into the court registry or other restricted account controlled by the Clayton County Probate Court to be held in trust on behalf of the Estate until the probate court's resolution of the pending/forthcoming disputes, with no payment or distributions to be made to any party absent written order from the probate court; and following payment of the appropriate amount of compensation to the Estate Administrator, to order that all remaining net settlement proceeds be equally distributed to Plaintiffs Ashley Weems and Bria Maddox in their capacity as the legal conservators of the two minor Plaintiffs and the sole heirs of the Estate.

Upon issuance of an order from the probate court authorizing the same, Plaintiffs will move this Court to approve the settlements, or will otherwise inform the Court of any changes in this regard.

11.

Ms. Smyrna continues to insist that all net settlement proceeds "ha[ve] to be deposited into the estate account" over which Ms. Smyrna presently maintains exclusive control and access, and demanded that she personally be heard before the "trial court judge as soon as possible so that this matter can be settled by the court."

12.

To the extent the Court would like to hear from Ms. Smyrna and/or undersigned counsel or otherwise has any questions, concerns, or guidance regarding any of the above, undersigned counsel respectfully requests that the Court order a telephone conference or hearing to address the same, and for such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 2nd day of June, 2025.

> */s/ Dianna J. Lee*
> L. Chris Stewart
> Georgia Bar No. 142289
> Justin D. Miller
> Georgia Bar No. 001307
> Dianna J. Lee
> Georgia Bar No. 163391
> *Counsel for Plaintiffs Weems and Maddox*

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
One Overton Park
3625 Cumberland Blvd. C-100
Atlanta, GA 30339
(844) 874-2500 main
(470) 344-6719 fax
cstewart@smstrial.com
jmiller@smstrial.com
dlee@smstrial.com

                                              */s/ Thomas E. Reynolds, Jr.*
                                              Thomas E. Reynolds, Jr.
                                              Georgia Bar No. 778864
                                              *Counsel for Plaintiffs Weems and Maddox*

**REYNOLDS LAW GROUP, LLC**
3390 Peachtree Road, NE
Suite 1100
Atlanta, Georgia 30326
Telephone: (888) 665-0241
treynolds@thomasreynoldslaw.com

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing STATUS REPORT using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 2nd day of June, 2025.

/s/ Dianna J. Lee
L. Chris Stewart
Georgia Bar No. 142289
Justin D. Miller
Georgia Bar No. 001307
Dianna J. Lee
Georgia Bar No. 163391
*Counsel for Plaintiffs Weems and Maddox*

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
One Overton Park
3625 Cumberland Blvd. C-100
Atlanta, GA 30339
(844) 874-2500 main
(470) 344-6719 fax
cstewart@smstrial.com
jmiller@smstrial.com
dlee@smstrial.com